### In the Matter of Jeffrey Allan BOGGESS.

### No. 67S00–0412–DI–508.

Supreme Court of Indiana.

Feb. 27, 2006.

### ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** Respondent represented a client who had amassed a support arrearage of $8,000. After a hearing on April 9, 2001, the court asked, and respondent agreed, to prepare a garnishment order to guarantee future payments out of an annuity to which the client was entitled to receive funds. On April 18, the court entered its order, but did not specifically assign to respondent the task of filing the garnishment order. On April 23, 2001, opposing counsel inquired about the status of the garnishment order. Respondent did not reply. On February 12, 2002, opposing counsel tendered interrogatories seeking the address of the annuity payor so that opposing counsel could prepare the garnishment order. Respondent did not reply to the interrogatories. On August 13, 2002, opposing counsel filed a Motion to Compel. On November 4, 2002, respondent tendered the order. During the time the order was not tendered, respondent's client's arrearage increased by $3,000.

**Violations:** By his conduct respondent violated Ind. Professional Conduct Rule 3.2, which requires lawyers to make reasonable efforts to expedite litigation, and Prof.Cond.R. 8.4(d), which prohibits lawyers from engaging in conduct that is prejudicial to the administration of justice.

**Discipline:** Public Reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Court fur-

ther finds that with the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

DICKSON, SULLIVAN, BOEHM and RUCKER, concur.

SHEPARD, C.J., concurring.

Respondent's recalcitrance here was all too convenient to his client's failure to pay child support. By pushing off the trial court and opposing counsel, he managed to avoid transfer of $3,000 readily available for support of his client's offspring. I have voted for this disposition only because our Commission submitted it as an agreement. I would otherwise see it as a suspension case.